IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANDIDA STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| THE CITY OF MONTGOMERY, ) | 2:07-cv-686 |
| ARTHUR BAYLOR, Chief of Police, ) | |
| BOBBY BRIGHT, Mayor, in ) | |
| their individual ) | |
| and official capacities, ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

I.  **INTRODUCTION**

This is an action alleging disability discrimination in violation of Titles I and II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq.*, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and sexual discrimination in violation of Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.,* as amended, and the Civil Rights Act of 1991, 42 U.S.C. § 1981, §1981a. Plaintiff also alleges violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C.§ 2611, *et. seq.* and 42 U.S.C. 1983. Finally, plaintiff alleges

retaliation under the aforementioned statutes. Plaintiff is entitled to both equitable relief as well as compensatory, liquidated and punitive damages, attorneys fees and costs.

## II.    JURISDICTION

1. This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 1343, 2201, 2202, 42 U.S.C. § 12117, and 42 U.S.C. § 12133. Venue is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA and Title VII of the Civil Rights Act. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC. Title II of the ADA, and § 504 the FMLA, and 1983 do not require the exhaustion of administrative remedies. **III.    PARTIES**

3. Plaintiff, Candida Stokes, is a white, female citizen of the United States and a resident of the State of Alabama. Plaintiff is a person with a disability as that term is defined under the ADA. She is substantially limited in the major life activity of caring for herself. She is also perceived as having a disability and has a record of such.

Plaintiff also has a serious health condition under the FMLA and she is an employee

who is eligible for benefits under that statute.

4. Defendant, the City of Montgomery (hereinafter "Montgomery") employees the City's police officers and is an employer and public entity in accordance with 42 U.S.C. § 12111(5), 42 U.S.C. § 12131(1), Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. Section 2000e *et seq.,* and under the FMLA. 29 U.S.C. § 2611. Defendant is a recipient of federal financial assistance under § 504.

5. Defendant Arthur Baylor was, for all times relevant, the Chief of Police. Bobby Bright was, for all times relevant, the Mayor of Montgomery. Defendants Bright and Baylor are sued in their individual and official capacities.

### IV. FACTUAL ALLEGATIONS

6. Defendants have intentionally, and with malice or reckless and/or deliberate indifference and/or disregard, discriminated and retaliated against Plaintiff on the basis of Plaintiff's disability and/or gender, with respect to promotions, compensation, job assignments, discharge and other terms, conditions and privileges of employment. Defendant also willfully failed to provide Plaintiff with her rights under the FMLA and interfered with Plaintiff's receipt of the benefits of that statute, Defendants retaliated against her and interfered and/or coerced Plaintiff due to, *inter alia*, her need for leave, and/or her assertion of her rights under federal law.

7. Plaintiff was diagnosed with major depression when she was sixteen

years old. She takes medication for the condition and, for all time relevant, attended regular counseling. Despite this condition, Plaintiff is and was able to perform all essential functions of her previous position as Corporal, with, or without, reasonable accommodations. Thus, Plaintiff is a qualified individual with a disability, as that term is defined by the ADA and § 504.

8. On February 15, 2002, Plaintiff was hired as a police officer by defendants.

9. After finishing her training, Plaintiff became a senior officer and was assigned her own route. Based on her performance, Plaintiff was recommended for regular merit raises.

10. In February 2005, Plaintiff was promoted to the position of Corporal.

11. In December of 2005, Plaintiff was hospitalized for a week following an overdose of nonprescription sleeping pills. Plaintiff, as a result of her serious health condition and/or disability sought, was entitled to, and was placed on a short leave of absence under the FMLA. The leave began on December 19, 2005.

12. In January 2006, Plaintiff's doctors released Plaintiff to return to work in her former position. However, Defendants did not allow Plaintiff to work in her previous position. Rather, Defendants began an investigation into Plaintiff's fitness for duty and later, whether Plaintiff was a responsible employee. Defendant disciplined Plaintiff and placed her on a 'light duty' desk job. Defendants based such

discipline on Rules and Regulations of the Montgomery Police Department. Such rules are unduly subjective and they discriminate against women and/or, persons with disabilities and/or persons who exercise their right under the FMLA and/or the ADA § 504.

13.     During an investigation of Plaintiff's fitness for duty, defendants requested that Plaintiff be evaluated by a doctor of defendants' choosing. Plaintiff agreed to this exam and was cleared for duty by the physician.

14.     Plaintiff performed her the duties at the light duty desk position well and without incident.

15.     Plaintiff continued to seek reinstatement to her previous, or an equivalent, position.

16.     On February 1, 2006, Plaintiff was apprized that she was subject to an official investigation regarding alleged violations of Defendant's Rules. A disciplinary hearing was held on February 28, 2006. Defendants continued to refuse to allow and Plaintiff to return to her former, or an equivalent, position and they terminated her.     17.     Upon information and belief, similarly situated and/or male police officers who have, *inter alia*, mental illness and/or depression have and/or who have sought Family Medical Leave have not been terminated. Further, on information and belief other officers who have engaged in actual misconduct or actually violated Defendant's Rules have not been terminated including those who have not sought a

leave of absence under the ADA and/or FMLA.

18.  As a result of defendants' actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## V. CAUSES OF ACTION

**COUNT I - Titles I and II of The Americans With Disabilities Act, § 504 of the Rehabilitation Act and Retaliation**

19.  Plaintiff realleges and incorporates by reference paragraphs 1 through 19 above with the same force and effect as if fully set out in specific detail herein below.

20.  As stated, Plaintiff is qualified individual with a disability pursuant to the ADA and § 504. Plaintiff has a condition which substantially limits at least one major life activities and/or she is perceived a such and/or has a history of a disability. 42 U.S.C. § 12102.

21.  Defendants are employers and public entities in accordance with 42 U.S.C. § 12131(1) and 42 U.S.C. § 12111(5). Defendant Montgomery is also a recipient of federal financial assistance under § 504.

22.  With, or without, a reasonable accommodation, Plaintiff was, and is, able

to perform the essential functions of her former position as Corporal. Plaintiff meets the definition of a qualified individual with a disability pursuant to 42 U.S.C. § 12111(8). § 504.

23. Defendants have intentionally with deliberate indifference discriminated against Plaintiff and have stereotypically limited, segregated, terminated, and classified Plaintiff in a way which adversely affects her opportunities and status because of her disability. 42 U.S.C. §§ 12112 and 12132; 29 U.S.C. 794.

24. Defendants have imposed rules and standards which are not consistent with business necessity. These rules as applied have the effect of discriminating against the Plaintiff on the basis of her disability and perpetuate discrimination of others. 42 U.S.C. § 12112(b)(6).

25. Plaintiff sought a reasonable accommodation, including a short leave of absence and/or a transfer. Defendants effectively denied such request when it, *inter alia,* reassigned and terminated her. Accommodating Plaintiff would not have caused undue hardship to defendants. 42 U.S.C. §§ 12112 and 12132; 29 U.S.C. 794.

26. Defendants have also coerced, interfered with and retaliated against Plaintiff. Plaintiff engaged in statutory protected activity by, *inter alia*, requesting a reasonable accommodation, by taking a short leave of absence, by complaining to her supervisors about the failure to accommodate her disability and about the imposition of rules that discriminated against her on the basis of her disability.

Subsequent, to engaging in this activity, defendants took adverse action, including, but not limited to, assigning the Plaintiff to a desk job, terminating the Plaintiff, and otherwise discriminating against the Plaintiff. 42 U.S.C. § 12203(a) & (b), (29 U.S.C.794, 42 U.S.C 1981a. Such action was causally related to Plaintiff's protected activity.

27.    Defendants, by their actions, have intentionally, maliciously and with reckless indifference discriminated, coerced, interfered with and retaliated against Plaintiff because of her perceived disability with regards to termination, employee compensation, benefits, and other terms and conditions of employment.  42 U.S.C. § 12112, 29 U.S.C. 794, 42 U.S.C. 1981.

> **COUNT II - Sex Discrimination in Violation of Title VII, 42 U.S.C.  2000 *et seq.* and Retaliation.**

28.    The Plaintiff realleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail herein below.

29.    The Plaintiff was intentionally, maliciously and wilfully discriminated against and continuously harassed, reassigned and terminated because of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. 42 U.S.C. 2000, *et seq.*, 42 U.S.C. 1981a.

30.     Defendant has coerced, interfered with and  also retaliated against Plaintiff.  Plaintiff engaged in statutory protected activity by taking a short leave of

absence and by complaining to her supervisors about the disparate treatment. Subsequent, to engaging in this activity, defendant took adverse action, including assigning the Plaintiff to a desk job, terminating the Plaintiff, and otherwise discriminating against the Plaintiff. Defendant's actions were causally connected to Plaintiff's protected activity.

### COUNT III - The Family Medical Leave Act and Retaliation

31. Plaintiff realleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail herein below.

32. As stated, Plaintiff is an eligible employee in that she is person entitled to leave to care for her own serious health condition pursuant to 29 U.S.C. § 2612. The Plaintiff has a serious medical condition under, *inter alia*, 29 C.F.R. § 825.114.

33. Plaintiff was entitled to benefits under the FMLA. She had been employed with defendants for at least twelve months, but was effectively denied FMLA benefits in violation of the 29 CFR § 825.220. Defendants also interfered with Plaintiff's rights to benefits under the FMLA. Defendants are employers in accordance with 42 U.S.C. § 2611. 42 U.S.C. 1983.

34. Defendants violated the Family Medical Leave Act, 29 U.S.C. § 2614, *inter alia*, by failing or refusing to provide leave and by failing or refusing to return Plaintiff to her former or an equivalent position and by interfering with Plaintiff's

rights under the FMLA by not allowing her to return to work after Plaintiff was cleared Plaintiff to return to work.

35. Further, defendants retaliated, coerced, oppressed, and/or took adverse action against Plaintiff due to her need for leave under the FMLA. 29 CFR § 825.220. Plaintiff engaged in a protective activity including opposed defendants' failure to reinstate her to her former position after returning to work. Subsequent to this, defendant refused to reinstate Plaintiff and terminated her. Defendant's actions were causally connected to Plaintiff's protected activity

36. As a result of defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the action taken against Plaintiff by defendants, are violative of Plaintiff's rights as secured by Titles I and II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Title VII

of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.* as amended, including the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 and 1981a, and the FMLA, 29 U.S.C.§ 2611, *et. seq.*

2. Grant Plaintiff a promotion, and a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendants' request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to Titles I and II of the Americans with Disabilities Act, Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.* as amended, including the Civil Rights Act of 1991, 42 U.S.C. 1981a, and the FMLA, 29 U.S.C.§ 2611, *et. seq.*

3. Award Plaintiff damages including back pay, front pay, nominal, compensatory, punitive and liquidated damages.

4. Award Plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

Dated: June 10, 2008.

                                             Respectfully submitted,

                                             /s/Deborah A. Mattison
                                             Deborah A. Mattison
                                             Rachel L. McGinley
                                             Attorneys for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this the 10th day of June 2008, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

City of Montgomery
Brenda Gale Blalock, City Clerk
PO. Box 1111
Montgomery, AL 36101-1111

Arthur Baylor
Montgomery City Police Dept.
320 N. Ripley St.
Montgomery, AL 36104

Bobby Bright, Mayor
City of Montgomery
PO. Box 1111
Montgomery, AL 36101-1111

              **/s/ Deborah A. Mattison**